CULLEN, J.
This action is to dissolve a partnership alleged to> exist between the plaintiff and the defendant, and for an accounting. The answer of the defendant denies the partnership. The evidence shows that the defendant and James Van Da Linda, the husband of the plaintiff, had been partners in business of carpet cleaning from the year 1872 to the year 1885. In September, 1885, James A. Van Da Linda, by an instrument in writing, assigned and transferred all his interest in the business and assets of the partnership to the plaintiff. This was done with the knowledge and at the instigation of the defendant. Thereafter James A. Van Da Linda took no further part in the business. These facts were not disputed The plaintiff testified that after the transfer the defendant paid to her moneys from business continuously for a long period, and repeatedly declared to her that she was his partner. The defendant testified that at the time of the transfer the husband had no-substantial interest in the co-partnership, having largely overdrawn his share therein. He admitted paying sums of money to the plaintiff, but asserted that they paid to the plaintiff as mere gratuities, from feelings of kindness, and denied that he ever told the plaintiff that she was his partner. The plaintiff put in evidence the books of the business, which showed that for a number of years the profits were ascertained, and that half their amount was placed to the defendant’s credit and half to her own, the payments to her being .charged to her account. It was also shown that, in the action brought by a third party against the plaintiff and defendant as partners, the defendant answered, admitting that fact, and also, on the trial of the action, testified that the plaintiff was his partner» The special term found that the plaintiff and defendant were partners, and decreed a dissolution and accounting.
The appellant is unquestionably correct i-n his position that the assignment to the plaintiff from her husband did not constitute her a> partner with the defendant. T. Pars. Partn. § 106. As assignee of her husband’s interest in the firm, her sole right was to an account, and to receive her assignor’s share of the surplus upon the winding up of the partnership. Marquand v. Manufacturing Co., 17 Johns. 529 ; Menagh v. Whitwell, 52 N. Y. 146; Tarbell v. West, 86 N. Y. 280.
(The defendant was entitled to possession of the partnership property, and to dispose of it,—to close out the partnership business.) But though this was the status of the parties upon the husband assigning his interest to his wife, it was entirely possible for the parties to-change that position and become partners. No form of words or written instrument is requisite to create that relation. It may be that the parties thought the assignment made them partners, and for this reason they subsequently conducted themselves as partners. But this error would not limit the effect of such conduct. On the-assignment, of a partner’s interest, it is entirely competent for the other partners to receive the assignee as a partner, though it is not the assignment, but the reception, that creates the partnership.^ T. Pars. Partn. § 106. The trial judge has found that after the assignment the plaintiff and defendant did become partners. The evidence *586 not only justified this finding, but is so conclusive on the question, that any other finding would have been palpably erroneous.
The judgment appealed from should be affirmed, with costs.
All concur.